Frank E. Scherkenbach (CA Bar #142549)
scherkenbach@fr.com
FISH & RICHARDSON P.C.
One Marina Park Drive
Boston, MA 02110-18784
Telephone: (617) 542-5070
Facsimile: (617) 542-8906

Howard G. Pollack (CA Bar #162897)
pollack@fr.com
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070
Facsimile: (650) 839-5071

Attorneys for Defendant
SRI INTERNATIONAL, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CHECK POINT SOFTWARE, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>SRI INTERNATIONAL, INC., a California corporation,<br><br>Defendant. | Case No. 12-cv-03231 RS<br><br>ANSWER AND COUNTERCLAIMS<br><br>JURY TRIAL DEMANDED |

     Defendant, counter-claimant, SRI International, Inc. ("SRI") answers Plaintiff Check Point Software Technologies, Inc.'s ("Check Point") Complaint for Declaratory Judgment (Dkt. #1) ("Check Point's Complaint") as follows:

## ANSWER ON THE PARTIES

     1.    On information and belief, SRI admits that Check Point is a corporation organized and existing under the laws of Delaware with its principal place of business at 800 Bridge Parkway, Redwood City, California 94065.  SRI lacks sufficient knowledge to admit or deny the remaining statements in paragraph 1 of Check Point's Complaint, and therefore denies the same.

2. Admitted.

## INTRADISTRICT ASSIGNMENT

3. Admitted this is an Intellectual Property Action.

## ANSWER ON THE BACKGROUND

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Admitted.

10. SRI admits that it filed a patent infringement lawsuit against Symantec Corp. and Internet Security Systems, Inc. in 2004. SRI admits it filed a second patent infringement lawsuit against Symantec Corp. in 2011. SRI denies that it has been engaged in a persistent pattern of litigation.

11. SRI admits that Richard Abramson sent a letter to Tal Payne on May 9, 2012 informing Check Point of certain of SRI's patents and requesting that Check Point engage in licensing discussions. SRI admits that the language in quotation marks excerpted out of their context in paragraph 11 of Check Point's complaint appeared in Mr. Abramson's May 9, 2012 letter. SRI denies that it made any specific allegations of patent infringement in the May 9, 2012 letter. Except as expressly admitted herein, SRI denies each and every allegation in paragraph 11 of Check Point's Complaint.

12. SRI admits that John Slavitt called Mr. Abramson on or around June 21, 2012 in response to Mr. Abramson's May 9 letter to Ms. Payne. SRI denies it has been engaged in a persistent pattern of litigation. SRI lacks sufficient knowledge of Mr. Slavitt's or Check Point's state of mind to admit or deny the remaining statements in paragraph 12 of Check Point's Complaint, and therefore denies the same.

/ / /

/ / /

**ANSWER ON FIRST CAUSE OF ACTION**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 6,321,338)**

13. SRI hereby incorporates the foregoing paragraphs of this Answer and restates them as if they were fully written herein.

14. The parties have jointly moved to dismiss without prejudice Check Point's First Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 14 at this time.

15. The parties have jointly moved to dismiss without prejudice Check Point's First Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 15 at this time.

16. The parties have jointly moved to dismiss without prejudice Check Point's First Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 16 at this time.

17. The parties have jointly moved to dismiss without prejudice Check Point's First Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 17 at this time.

**ANSWER ON SECOND CAUSE OF ACTION**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 6,321,338)**

18. SRI hereby incorporates the foregoing paragraphs of this Answer and restates them as if they were fully written herein.

19. The parties have jointly moved to dismiss without prejudice Check Point's Second Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 19 at this time.

20. The parties have jointly moved to dismiss without prejudice Check Point's Second Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 20 at this time.

21. The parties have jointly moved to dismiss without prejudice Check Point's Second Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 21 at this time.

## ANSWER ON THIRD CAUSE OF ACTION
### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,484,203)

22. SRI hereby incorporates the foregoing paragraphs of this Answer and restates them as if they were fully written herein.

23. The '203 patent is valid and its validity has been confirmed by the Patent Office through reexamination and by district court litigation. On information and belief, Check Point has and is infringing one or more claims of SRI's '203 patent. SRI denies that it previously contended that Check Point "needs a license" to any SRI patent. SRI lacks sufficient knowledge of Check Point's state of mind to admit or deny the remaining statements in paragraph 23 of Check Point's Complaint, and therefore denies the same.

24. Denied.

25. Denied.

26. SRI admits that Check Point has sought a declaration that the '203 patent is invalid. Except as expressly admitted herein, SRI denies each and every allegation in paragraph 26 of Check Point's Complaint.

## ANSWER ON FOURTH CAUSE OF ACTION
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 6,484,203)

27. SRI hereby incorporates the foregoing paragraphs of this Answer and restates them as if they were fully written herein.

28. The '203 patent is valid and its validity has been confirmed by the Patent Office through reexamination and by district court litigation. On information and belief, Check Point has and is infringing one or more claims of SRI's '203 patent. SRI denies that it previously contended that Check Point "needs a license" to any SRI patent. SRI lacks sufficient knowledge of Check Point's state of mind to admit or deny the remaining statements in paragraph 28 of Check Point's Complaint, and therefore denies the same.

29. SRI admits that Check Point contends it does not infringe the '203 patent. On information and belief, Check Point has and is infringing one or more claims of SRI's '203 patent. Except as expressly admitted herein, SRI denies each and every allegation in paragraph 29 of Check Point's Complaint.

Case No. 12-cv-03231 DMR

30. SRI admits that Check Point has sought a declaration that it does not infringe the '203 patent. Except as expressly admitted herein, SRI denies each and every allegation in paragraph 30 of Check Point's Complaint.

### ANSWER ON FIFTH CAUSE OF ACTION
### (Declaratory Judgment of Invalidity of U.S. Patent No. 6,704,874)

31. SRI hereby incorporates the foregoing paragraphs of this Answer and restates them as if they were fully written herein.

32. The parties have jointly moved to dismiss without prejudice Check Point's Fifth Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 32 at this time.

33. The parties have jointly moved to dismiss without prejudice Check Point's Fifth Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 33 at this time.

34. The parties have jointly moved to dismiss without prejudice Check Point's Fifth Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 34 at this time.

35. The parties have jointly moved to dismiss without prejudice Check Point's Fifth Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 35 at this time.

### ANSWER ON SIXTH CAUSE OF ACTION
### (Declaratory Judgment of Noninfringement of U.S. Patent No. 6,704,874)

36. SRI hereby incorporates the foregoing paragraphs of this Answer and restates them as if they were fully written herein.

37. The parties have jointly moved to dismiss without prejudice Check Point's Sixth Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 37 at this time.

/ / /

/ / /

38. The parties have jointly moved to dismiss without prejudice Check Point's Sixth Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 38 at this time.

39. The parties have jointly moved to dismiss without prejudice Check Point's Sixth Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 39 at this time.

**ANSWER ON SEVENTH CAUSE OF ACTION**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 6,711,615)**

40. SRI hereby incorporates the foregoing paragraphs of this Answer and restates them as if they were fully written herein.

41. The '615 patent is valid and its validity has been confirmed by the Patent Office through reexamination and by district court litigation. On information and belief, Check Point has and is infringing one or more claims of SRI's '615 patent. SRI denies that it previously contended that Check Point "needs a license" to any SRI patent. SRI lacks sufficient knowledge of Check Point's state of mind to admit or deny the remaining statements in paragraph 23 of Check Point's Complaint, and therefore denies the same.

42. Denied.

43. Denied.

44. SRI admits that Check Point has sought a declaration that the '615 patent is invalid. Except as expressly admitted herein, SRI denies each and every allegation in paragraph 44 of Check Point's Complaint.

**ANSWER ON EIGHTH CAUSE OF ACTION**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 6,711,615)**

45. SRI hereby incorporates the foregoing paragraphs of this Answer and restates them as if they were fully written herein.

46. The '615 patent is valid and its validity has been confirmed by the Patent Office through reexamination and by district court litigation. On information and belief, Check Point has and is infringing one or more claims of SRI's '615 patent. SRI denies that it previously contended

that Check Point "needs a license" to any SRI patent. SRI lacks sufficient knowledge of Check Point's state of mind to admit or deny the remaining statements in paragraph 46 of Check Point's Complaint, and therefore denies the same.

47.   SRI admits that Check Point contends it does not infringe the '615 patent. On information and belief, Check Point has and is infringing one or more claims of SRI's '615 patent. Except as expressly admitted herein, SRI denies each and every allegation in paragraph 47 of Check Point's Complaint.

48.   SRI admits that Check Point has sought a declaration that it does not infringe the '615 patent. Except as expressly admitted herein, SRI denies each and every allegation in paragraph 48 of Check Point's Complaint.

### ANSWER ON NINTH CAUSE OF ACTION
### (Declaratory Judgment of Invalidity of U.S. Patent No. 7,594,260)

49.   SRI hereby incorporates the foregoing paragraphs of this Answer and restates them as if they were fully written herein.

50.   The parties have jointly moved to dismiss without prejudice Check Point's Ninth Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 50 at this time.

51.   The parties have jointly moved to dismiss without prejudice Check Point's Ninth Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 51 at this time.

52.   The parties have jointly moved to dismiss without prejudice Check Point's Ninth Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 52 at this time.

53.   The parties have jointly moved to dismiss without prejudice Check Point's Ninth Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 53 at this time.

/ / /

/ / /

**ANSWER ON TENTH CAUSE OF ACTION**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 7,594,260)**

54. SRI hereby incorporates the foregoing paragraphs of this Answer and restates them as if they were fully written herein.

55. The parties have jointly moved to dismiss without prejudice Check Point's Tenth Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 55 at this time.

56. The parties have jointly moved to dismiss without prejudice Check Point's Tenth Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 56 at this time.

57. The parties have jointly moved to dismiss without prejudice Check Point's Tenth Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 57 at this time.

**ANSWER ON ELEVENTH CAUSE OF ACTION**
**(Declaratory Judgment of Invalidity of U.S. Patent No. 7,694,115)**

58. SRI hereby incorporates the foregoing paragraphs of this Answer and restates them as if they were fully written herein.

59. The parties have jointly moved to dismiss without prejudice Check Point's Eleventh Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 59 at this time.

60. The parties have jointly moved to dismiss without prejudice Check Point's Eleventh Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 60 at this time.

61. The parties have jointly moved to dismiss without prejudice Check Point's Eleventh Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 61 at this time.

62. The parties have jointly moved to dismiss without prejudice Check Point's Eleventh Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 62 at this time.

**ANSWER ON TWELFTH CAUSE OF ACTION**
**(Declaratory Judgment of Noninfringement of U.S. Patent No. 7,694,115)**

63. SRI hereby incorporates the foregoing paragraphs of this Answer and restates them as if they were fully written herein.

64. The parties have jointly moved to dismiss without prejudice Check Point's Twelfth Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 64 at this time.

65. The parties have jointly moved to dismiss without prejudice Check Point's Twelfth Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 65 at this time.

66. The parties have jointly moved to dismiss without prejudice Check Point's Twelfth Cause of Action (Dkt #13) and, therefore, SRI need not respond to the allegations of paragraph 66 at this time.

**ANSWER ON PRAYER FOR RELIEF**

SRI denies that Check Point is entitled to any relief requested or to any relief whatsoever.

## COUNTERCLAIM FOR PATENT INFRINGEMENT

Counterclaimant SRI International, Inc. hereby alleges as follows:

### THE PARTIES

1. SRI International, Inc. ("SRI") is an independent, not-for-profit research institute incorporated under the laws of California, and has a regular and established place of business at 333 Ravenswood Avenue, Menlo Park, California, 94025.

2. Defendant Check Point, Inc. ("Check Point") is incorporated under the laws of Delaware, with its principal place of business at 800 Bridge Parkway, Redwood City, California, 94065.

### JURISIDICTION AND VENUE

3. This action arises under the patent laws of the United States, Title 35 U.S.C. § 1 et seq. This Court has subject matter jurisdiction under 28 U.S.C. §1331 and 28 U.S.C. § 1338(a).

4. Upon information and belief, this Court has personal jurisdiction over Check Point because it maintains its principal place of business and is doing business in this judicial district.

5. Upon information and belief, venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400 because Check Point is subject to personal jurisdiction in this judicial district.

### GENERAL ALLEGATIONS

6. SRI International is an independent, not-for-profit research institute that conducts client-supported research and development for government agencies, commercial businesses, foundations, and other organizations. Among its many areas of research, SRI has engaged in fundamental research related to computer security and, more specifically, to large computer network intrusion detection systems and methods, for which SRI has received approximately 9 U.S. patents.

7. United States Patent No. 6,711,615 ("the '615 patent") and United States Patent No. 6,484,203 ("the '203 patent") have each been the subject of two reexamination proceedings in the U.S. Patent and Trademark Office. (See Reexamination control numbers 90/008,125; 90/008,113; 90/009,126 and 90/009,127). On September 29, 2010 and September 30, 2010, the

Patent Office confirmed the patentability of all claims of the SRI '203 and '615 patents, respectively, over all the prior art cited by the requestors and SRI in the reexamination proceedings.

8. On August 26, 2004, SRI brought suit against, *inter alia*, Symantec Corp. for infringement of the '615 and '203 patents. On September 18, 2008, a jury found that Symantec infringed claims 1, 13, 14 and 16 of the '615 patent and claims 1 and 12 of the '203 patent by selling its "Manhunt" line of network intrusion detection hardware and software products, including iForce IDS, ManHunt 3.0, Symantec Network Security 4.0 and the Symantec Network Security 7100 Series appliances.

9. The jury in the Symantec litigation also found that the asserted claims of the SRI patents were not proven invalid in view of the prior art and arguments presented at the trial.

10. On November 5, 2010, the U.S. Court of Appeals for the Federal Circuit affirmed the jury verdict that the SRI patents were not proven invalid.

11. On information and belief, Check Point was aware of the Symantec litigation and its results prior to bringing its Complaint in this action.

12. On information and belief, Check Point directly and through its affiliates, manufactures, uses, sells and offers to sell throughout the United States and elsewhere, network security hardware and software systems that include network intrusion detection capabilities.

**FIRST CAUSE OF ACTION**
**(Infringement of U.S. Patent No. 6,711,615 and**
**Reexamination Certificate U.S. 6,711,615 C1)**

13. The allegations of paragraphs 1-12 of SRI's Counterclaim are incorporated for this First Cause of Action as though fully set forth herein.

14. SRI is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 6,711,615, entitled "Network Surveillance" ("the '615 patent"), which was duly and legally issued on March 23, 2004. On January 18, 2011 the Patent Office issued a reexamination certificate confirming the patentability of the claims of the '615 patent. A true and correct copy of the '615 patent and associated reexamination certificate are attached hereto as Exhibit A.

15. Upon information and belief, Check Point has been and is now infringing and inducing infringement of the '615 patent and associated reexamination certificate in this district and elsewhere by making, using, selling, and/or offering to sell, and instructing and supporting the use by others of, intrusion detection hardware and/or software systems and methods covered by one or more claims of the '615 patent. Check Point's infringing acts include, but are not limited to, providing and offering to provide Check Point security appliances with IPS, Checkpoint IPS software blade and "SmartEvent" software blade products and associated support and services to customers that are covered by the '615 patent claims.

16. Check Point has, and has had since at least May 9, 2012, actual knowledge of the '615 patent. On information and belief, Check Point induces others to infringe the '615 patent by providing intrusion detection hardware and/or software systems and instructing and supporting its customers to install, configure and use intrusion detection systems and methods covered by one or more claims of the '615 patent. On information and belief, Check Point provides its products and support without any reasonable basis to believe that the use of such by its customers will not constitute direct infringement of one or more valid claim of the '615 patent.

17. Check Point's acts of infringement have injured and damaged SRI.

18. Check Point's infringement has been and continues to be willful. In particular, on information and belief, Check Point was aware that it has no reasonable substantive non-infringement defense, yet continues to infringe even though a jury, the Court of Appeals for the Federal Circuit, and the Patent Office have all confirmed the validity of the '615 patent claims. Check Point's willful infringement makes this case exceptional.

**SECOND CAUSE OF ACTION**
**(Infringement of U.S. Patent no. 6,484,203 and**
**Reexamination Certificate U.S. 6,484,203 C1)**

19. The allegations of paragraphs 1-18 of SRI's Counterclaim are incorporated for this Second Cause of Action as though fully set forth herein.

20. SRI is now, and has been since its issuance, the assignee and sole owner of all right, title, and interest in United States Patent No. 6,484,203, entitled "Hierarchical Event Monitoring and Analysis" ("the '203 patent"), which was duly and legally issued on

1  November 19, 2002.  On January 11, 2011 the Patent Office issued a reexamination certificate
2  confirming the patentability of the claims of the '203 patent.  A true and correct copy of the '203
3  patent and associated reexamination certificate are attached hereto as Exhibit B.

4      21.    Upon information and belief, Check Point has been and is now infringing and
5  inducing infringement of the '203 patent and associated reexamination certificate in this district
6  and elsewhere by making, using, selling, and/or offering to sell, and instructing and supporting the
7  use by others of, intrusion detection hardware and software systems and methods covered by one
8  or more claims of the '203 patent.  Check Point's infringing acts include, but are not limited to,
9  providing and offering to provide Check Point security appliances with IPS, Checkpoint IPS
10 software blade and "SmartEvent" software blade products and associated support and services to
11 customers that are covered by the '203 patent claims.

12     22.    Check Point has, and has had since at least May 9, 2012, actual knowledge of the
13 '203 patent.  On information and belief, Check Point induces others to infringe the '203 patent by
14 providing intrusion detection hardware and/or software systems and instructing and supporting its
15 customers to install, configure and use intrusion detection systems and methods covered by one or
16 more claims of the '203 patent.  On information and belief, Check Point provides its products and
17 support without any reasonable basis to believe that the use of such by its customers will not
18 constitute direct infringement of one or more valid claim of the '203 patent.

19     23.    Check Point's acts of infringement have injured and damaged SRI.

20     24.    Check Point's infringement has been and continues to be willful.  In particular, on
21 information and belief, Check Point was aware that it has no reasonable substantive non-
22 infringement defense, yet continues to infringe even though a jury, the Court of Appeals for the
23 Federal Circuit, and the Patent Office have all confirmed the validity of the '203 patent claims.
24 Check Point's willful infringement makes this case exceptional.

### PRAYER FOR RELIEF

26     WHEREFORE, Plaintiff requests the following relief:
27     (a)    damages in an amount to be determined at trial;
28 / / /

      (b)    an accounting for infringing manufacture, use and sales or offers of sale of products and services not presented at trial, and an award by the Court of additional damages for any such infringing activities;

      (c)    enhanced damages pursuant to 35 U.S.C. § 284;

      (d)    costs and reasonable attorney fees incurred in connection with this action pursuant to 35 U.S.C. § 285; and

      (e)    such other and further relief as the Court deems appropriate.

A JURY TRIAL IS DEMANDED BY COUNTERCLAIMANT SRI.

Dated: July 19, 2012                       FISH & RICHARDSON P.C.

                                          By: */s/ Howard G. Pollack*
                                               Howard G. Pollack

                                          Attorney for Defendant
                                          SRI INTERNATIONAL, INC.