IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHECK POINT SOFTWARE TECHNOLOGIES, INC., <br><br>　　　　Plaintiff, <br><br>　v. <br><br>SRI INTERNATIONAL, INC., <br><br>　　　　Defendant. | No. C 12-03231 JSW <br><br> **ORDER TO DEFENDANTS TO SHOW CAUSE WHY DOCUMENTS SHOULD NOT BE FILED IN THE PUBLIC RECORD** |

On January 20, 2014, defendant SRI International, Inc. ("SRI") filed an administrative motion pursuant to Northern District Civil Local Rule 79-5(d), in which it seeks to file its proposed amended infringement contentions because it references materials designated confidential by plaintiff Check Point Software Technologies, Inc. ("Check Point"). Pursuant to Rule 79-5(e), when such a request is made, within four days thereafter, "the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable."

Check Point's were due to be filed over two months ago, but have not yet been filed. Accordingly, by no later than March 3, 2013, Check Point is HEREBY ORDERED to file a declaration establishing cause for sealing any portion of the proposed amended infringement contentions. If Check Point fails to comply with this Order, the Court shall deny SRI's motion and shall order that the document be filed in the public record. The Court notes that this is the last time it will remind *any party* to this case of their obligations under Local Rule 79-5(e). Failure to file the requisite declaration within the required time period will *automatically* result in the Court denying a motion to seal and ordering the exhibits filed in the public record.

Moreover, as a public forum, the Court will only entertain requests to seal that establish good cause and are narrowly tailored to seal only the particular information that is genuinely privileged or protectable as a trade secret or otherwise has a compelling need for confidentiality. Documents may not be filed under seal pursuant to blanket protective orders covering multiple documents. In addition, counsel should not attempt to seal entire pleadings or declarations without a particularized showing explaining why the request could not be more narrowly tailored. Any order granting a request to seal shall direct the sealing of only those documents, *pages, or if practicable, those portions of documents or pages* that contain the information requiring confidentiality. All other portions of such documents shall remain in the public file. Civil L.R. 79-5(b) & cmt. If Check Point files a declaration to establish cause for filing under seal, it shall take care to delineate *which specific portions* of the proposed amended infringement contentions it is requesting to have filed under seal.

**IT IS SO ORDERED.**

Dated: February 27, 2014

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE